IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE CANTY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF MONTGOMERY, and ERNEST FINLEY JR., in his personal and official capacities,<br><br>　　　　Defendants. | Case No: 2:20-cv-332-SMD |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants the City of Montgomery (herein called The "City"), and Ernest N. Finley, (herein called "Chief Finley") in his individual and official capacities, answer the Plaintiff's Complaint as follows:

1. Defendants are without sufficient information to admit or deny paragraph 1 of Plaintiff's Complaint; Defendants therefore deny the material allegations contained therein and demand strict proof thereof.

2. Defendants admit the allegations contained in paragraphs 2 through 3 of Plaintiff's Complaint.

3. Defendants are without sufficient information to admit or deny paragraph 4 of Plaintiff's Complaint; Defendants therefore deny the material allegations contained therein and demand strict proof thereof.

4. Defendants admit the allegations contained in paragraphs 5 through 7 of Plaintiff's Complaint.

5. Defendants are without sufficient information to admit or deny paragraphs 8 through 20 of Plaintiff's Complaint; Defendants therefore deny the material allegations contained therein and demand strict proof thereof.

6. Defendants deny the material allegations contained in paragraph 21 of Plaintiff's Complaint, and demand strict proof thereof.

7. No response is required of Defendants as to paragraph 22 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

9. Defendants deny the material allegations contained in paragraphs 24 through 29, including all demands for relief, of Plaintiff's Complaint, and demand strict proof thereof.

10. No response is required of Defendants as to paragraph 30 of Plaintiff's Complaint.

11. Defendants deny the material allegations contained in paragraph 31, of Plaintiff's Complaint, and demand strict proof thereof.

12. Defendants are without sufficient information to admit or deny paragraph 32 of Plaintiff's Complaint; Defendants therefore denies the material allegations contained therein and demand strict proof thereof.

13. Defendants deny the material allegations contained in paragraph 33, of Plaintiff's Complaint, and demand strict proof thereof.

14. No response is required of Defendants as to paragraph 34 of Plaintiff's Complaint.

15. Defendants deny the material allegations contained in paragraphs 35 through 38, of Plaintiff's Complaint, and demand strict proof thereof.

16.     Defendants are without sufficient information to admit or deny paragraph 39 of Plaintiff's Complaint; Defendants therefore denies the material allegations contained therein and demand strict proof thereof.

17.     Defendants deny the material allegations contained in paragraph 40, of Plaintiff's Complain, and demand strict proof thereof.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state injuries or damages caused by the Defendants which violated the rights of Plaintiff in any manner, constitutional or otherwise, for which any relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent applicable, the Defendants plead the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Defendants assert immunity lying in their favor, separately and severally, as created by the statues of or the Constitution of the State of Alabama, the Constitution of the United States, applicable case law, or by any other legal authority including, but not restricted to, substantive immunity, qualified immunity, legislative immunity, absolute immunity, state agent immunity, discretionary function immunity, peace-officer immunity, Eleventh Amendment immunity, and sovereign immunity.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants plead that Plaintiff's Complaint should be dismissed in that there is no specific or satisfactory allegation of a policy or practice established, implemented, or adopted by

the Defendants which violated the constitutional rights of Ms. Canty nor do the Defendants have a policy, practice or custom which is unconstitutional.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants assert that Plaintiff is not entitled to punitive damages and that the award of punitive damages against them would violate the Fourth, Fifth, Sixth, Eighth, Eleventh and Fourteenth Amendments of the Constitution of the United States and Article 1 §§ 1, 2, 6, 10, 11, 13, 15, 22, 27, 35, 36 and 43 of the Constitution of Alabama (1901).

## SIXTH AFFIRMATIVE DEFENSE

The Defendants aver that in a § 1983 claim, that a municipality is liable only for its own wrongs and cannot be held liable under the principles or theories alleged by Plaintiffs to wit: *respondeat superior*. *Monell v. Department of Social Services,* 436 U.S. 658, 689 (1978) and further that the alleged violations of Plaintiff's rights were not the result of a wrongful policy, custom or practice of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants plead immunity from claims of intentional acts. A municipality cannot commit intentional acts or act with malice. Nor can the municipality or Chief Finley be liable for any acts attributed to any other officer including, but not restricted to acts which were outside the line and scope of their authority or otherwise constituted criminal activity. By asserting this defense, the Defendants make no admission or assertion concerning any act on the part of any officer.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, the Defendants plead the doctrines of release, judicial estoppel, equitable estoppel and waiver.

### NINTH AFFIRMATIVE DEFENSE

To the extent applicable, the Defendants plead that the Plaintiff failed to comply with Alabama Code § 11-47-23 and 11-47-192.

### TENTH AFFIRMATIVE DEFENSE

Unless specifically admitted in their Answer, the allegations of the Complaint are denied.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendants plead the general issue.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendants are not guilty of the matters set out in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants plead that each and every action taken by them was taken in the good faith belief that the same was legal and lawful at the time so taken.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants plead that Plaintiff has no clear right to the relief sought in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

The City of Montgomery pleads the benefit and application of all statutory caps to which it may be entitled herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants plead failure of conditions precedent required for Plaintiff to bring this suit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendants assert that the alleged violations of Plaintiff's rights were not the result of an actionable policy, custom or practice.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendants breached no legal duty which they may have owed to Plaintiff under common law, statutory law, or the Constitution of the United States and the State of Alabama.

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendants plead all available defenses found in 42 U.S.C. § 1997(e), including the limitations on attorneys' fees contained in that section.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendants affirmatively plead the protections of Alabama Code §§ 11-47-190 and 11-47-191.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Alabama Code §§ 6-11-20, 6-11-26 and 6-11-27.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

While the Defendants deny that they are liable for any conduct that would support an award of damages, the Defendants plead the legislative caps on damages contained in Alabama Code §§ 6-11-21 and 11-93-2. Allowing an award in excess of any legislative cap would directly contravene the express public policy of the State of Alabama.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint makes vague, conclusory, and extraneous allegations, which are barred under *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants plead entitlement to recover attorney's fees and costs under 42 U.S.C. §1988(b) and (c) as well as under the Alabama Code and common law.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Chief Finley asserts all immunity as set out in the Third Defense and specifically under § 6-5-338 Code of Alabama.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The Defendants aver that the Plaintiff cannot state a claim because the Defendants enjoy qualified immunity as they acted in good faith and reasonably in their actions.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

1. The Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

2. The Defendants aver that any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

3. The Defendants aver that any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United States of America.

4. The Defendants aver that any award of punitive damages to Plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, and in that punitive damages are vague and are not rationally related to legitimate government interests.

5. The Defendants aver that any award of punitive damages to Plaintiff in this case would be violative of the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature

and consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

6. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose documents and evidence.

7. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose documents and evidence.

8. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against the Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

9.  Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)  It is a violation of the Due Process Clause to impose punitive damages, which damages are penal in nature, upon a civil Defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants;

c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant

10. Plaintiff's attempt to impose punitive or extra contractual damages on the Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

11. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

12. The award of punitive damages against the Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14. The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 611-20 to 6-11-30 (1975) and is barred.

15. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendants punitive damages, which are penal in nature, yet compel Defendant to disclose evidence.

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The imposition of an award of punitive damages against the Defendants on a joint and several liability basis would constitute a violation of the Defendants' rights to due process and equal protection under the provisions of the Constitution of the United States and of the Constitution of the State of Alabama, to include the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama respectively, in that:

a) It would operate to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard for the quality and degree of wrongdoing and/or culpability of each Defendant joined in this action.

b) The Defendants are denied a fair opportunity to have the jury assess damages based on their own culpability as opposed to the culpability and/or wrongful acts of other Defendants.

c)  In failing to provide for joint contribution and/or an apportionment of damages among Defendants based on the quality of wrongdoing and/or culpability of each Defendant separately and severally, the Defendants are deprived of property without due process of law, contrary to the Fifth and Fourteenth Amendments of the Constitution of the United States, and specifically those portions thereof prohibiting the deprivation of the property of any person without due process of law.

d)  In failing to provide for contribution and/or an apportionment of damages among the Defendants, each Defendant is deprived of property without due process of law contrary to Article 1, Section 6 of the Constitution of Alabama, which provides that no person shall be deprived of property except by due process of law.

e)  The rendering of a single verdict by the jury for which each Defendant is jointly and severally liable where the measure of damages is based upon the degree of wrong and culpability of all Defendants, wherein the degree of wrong and culpability of each Defendant is separate and distinct, is a violation of equal protection and due process guarantees afforded by the Constitutions of the State of Alabama and of the United States of America.

## **RESERVATION OF DEFENSES**

The Defendants reserve the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 11th day of June, 2020.

/ s/ Stacy L. Bellinger
Stacy L. Bellinger (REE050)
Attorney for Defendants

**OF COUNSEL:**
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
Telephone:  (334) 625-2050
Facsimile:  (334) 625-2310
sbellinger@montgomeryal.gov

CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was served on the following counsel of record via the Court's CM/ECF filing system on this the 11th day of June, 2020:

Ashley R. Rhea
Rhea Law LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
Telephone: (205) 675-0476
Fax: (205) 623-4985
Email: arhea@rhealawllc.com

    s/ Stacy L. Bellinger
Of Counsel