IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CANTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 2:20-cv-332-SMD |
| | ) | |
| CITY OF MONTGOMERY and | ) | |
| ERNEST N. FINLEY, JR., in his | ) | |
| personal and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**UNIFORM SCHEDULING ORDER**

Upon consideration of the parties' Rule 26(f) Report (Doc. 14), and for good cause shown, it is

ORDERED as follows:

**SECTION 1.** This cause is set for trial in Montgomery, Alabama, before United States Magistrate Judge Stephen M. Doyle on December 6, 2021. The pretrial conference is set for November 9, 2021, at 10:00 a.m., in Courtroom 4A in the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **May 3, 2021.** A brief and any supporting evidence shall be filed with any such motion. In all briefs filed by any party accompanying a dispositive motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Any party filing a motion for summary judgment will set forth a section titled "Facts." The facts contained in this section shall be set forth in numbered paragraphs. The party responding to summary judgment shall indicate by corresponding numbered paragraphs whether the fact is disputed or undisputed. If a fact is disputed, the responding party shall point the court to the evidence, by specific page and line reference, that puts the fact in dispute. The responding party shall also include within its brief any additional facts material to its position, in separately numbered paragraphs, in a section titled "Additional Facts." The party replying to such response shall indicate whether the fact is disputed or undisputed.

If an additional fact is disputed, the replying party shall point the court to the evidence, by specific page and line reference, that puts the fact in dispute. Failure to indicate that a particular fact is disputed will result in the undersigned assuming that the fact is undisputed for purposes of summary judgment. Further, failure to make such specific page and line reference to the evidence that puts a fact in dispute in compliance with this order will result in the evidence not being considered by the Court. Finally, summary judgment motions filed with the Court that are not in compliance with this order may result in the undersigned denying the motion outright.

*Daubert* **motions** shall be filed on or before the dispositive motions deadline, unless the deadline is modified by the Court upon motion of a party demonstrating good cause.

**SECTION 3.** On or before **April 19, 2021,** counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

**SECTION 4.** Plaintiff shall file any motions to amend the pleadings and to add parties on or before **September 15, 2020.** Defendant shall file any motions to amend the pleadings and to add parties on or before **October 6, 2020.**

**SECTION 5.** Any motion for class certification shall be filed on or before **September 15, 2020,** and include a brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.** The failure to file a response to any motion—either dispositive or non-dispositive—within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 7.** All discovery shall be completed on or before **April 5, 2021,** except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 8 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 8.** The parties shall disclose to each other the identity of ANY person

who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

>From the plaintiff(s) -- on or before **February 3, 2021**
>From the defendant(s) -- on or before **March 3, 2021**

The parties shall comply fully with all requirements of Rule 26(a)(2) regarding the disclosure of expert testimony.

**SECTION 9**.  **GENERAL PROVISIONS**:

(A)   All briefs on any matter before the Court must be formal in format and filed with the court.   The court does not accept "letter briefs" or "letter reports."

(B)   A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) **must indicate that movant has, in a timely manner, previously contacted counsel for all other parties**; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the Court to enter shall be submitted to the court in <u>both</u> (1) an Adobe Acrobat PDF format attachment to the motion <u>and</u> (2) **by transmitting an electronic copy of the proposed order (including discovery and pretrial orders) to the Court as an attachment in an email message sent to <propord_doyle@almd.uscourts.gov>**.  For purposes of (C)(2), the electronic copy shall be in Microsoft Word format and not in Adobe Acrobat PDF format.

**SECTION 10.**   No later than forty-two days before trial, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11.** No later than forty-two days before trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed on or before twenty-eight days prior to the trial date, and each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12.** On or before **forty-two days prior to trial,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed no later than twenty-eight days prior to trial, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be pre-marked prior to trial.

**SECTION 13:** *If a jury trial*: The parties shall file any requested *voir dire* questions, motions *in limine* fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before twenty-one days prior to trial unless said time is shortened by the Court on motion of either party. Parties opposing any proposed *voir dire* questions, proposed jury instructions, or motions *in limine* are required to file a response brief together with citations of law on or before **fourteen days prior to trial.** Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their *voir dire* questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 14.** The parties are hereby DIRECTED to schedule an appointment with the Automation staff, (334-954-3600) on or before **twenty-eight days prior to trial**, for automation training, if they intend to use the courtroom's technological equipment during the upcoming trial. Counsel wishing to use his or her own laptop during trial is

required to bring all necessary cables to ensure a connection.

**SECTION 15.**  In cases involving jury trials, the term "Trial Date" as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 16**.  The Court also adopts and incorporates the discovery limitations listed in the parties' Rule 26(f) Report (Doc. 14) to the extent they do not conflict with any portion of this order.  If any party has an objection to these deadlines, the party should inform the Court within **fourteen days** from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order is modified by subsequent Order of the Court, the provisions set out above are binding on the parties.

Done this 2nd day of July, 2020.

/s/ Stephen M. Doyle  
UNITED STATES MAGISTRATE JUDGE

# IN THE DISTRICT COURT OF THE UNITED STATES
# MIDDLE DISTRICT OF ALABAMA

## PROGRAM OF VOLUNTARY MEDIATION

This Court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial.  The Court stresses that <u>mediation is completely voluntary and confidential</u>.   The Court strictly enforces the confidentiality of mediation.

This Court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation.  Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury.  Successful mediation saves the substantial time and expense involved with a trial.  Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case.  The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position.  After this meeting the mediator will meet with each side individually for a full discussion of that side's case.  Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement.  Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case.  Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that the parties shall personally meet and attempt to reach settlement of the case.  If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case.  Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case.  Upon such notification, the trial judge may assign a mediator to schedule a mediation conference.  However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer.  Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

This Court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required.  <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

6