IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CANTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-332-SMD |
| | ) | |
| CITY OF MONTGOMERY, and | ) | |
| ERNEST N. FINLEY, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED UNIFORM SCHEDULING ORDER**

For good cause shown (Doc. 22), it is ORDERED that the Uniform Scheduling Order (Doc. 15) is AMENDED as follows:

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **July 2, 2021**. A brief and any supporting evidence shall be filed with any such motion. In all briefs filed by any party accompanying a dispositive motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. The brief in support of the motion shall be limited to no more than thirty pages; the response shall be limited to no more than thirty pages; and the reply shall be limited to no more than fifteen pages.

Any party filing a motion for **summary judgment** will set forth a section titled, "Facts." The facts contained in this section shall be set forth in numbered paragraphs. The party responding to summary judgment shall indicate by <u>corresponding numbered paragraphs</u> whether the fact is disputed or undisputed. If a fact is disputed, the responding party shall indicate why the fact is disputed and shall point the court to the evidence—by title of the evidentiary document accompanied by specific page and line reference within the document—that puts the fact in dispute. The responding party shall also include within its brief any additional facts material to its position, in separately numbered paragraphs, in a section titled "Additional Facts." The party replying to such response shall indicate whether the fact is disputed or undisputed in <u>corresponding numbered paragraphs</u>. If an additional fact is disputed, the replying party shall indicate why the fact is disputed and shall point the court to the evidence—by title of the evidentiary document accompanied by specific page and line reference within the document—that puts the fact in dispute. Failure

1

to indicate that a particular fact is disputed will result in the undersigned assuming that the fact is undisputed for purposes of summary judgment. Further, failure to make such specific page and line reference to the evidence that puts a fact in dispute in compliance with this order will result in the evidence not being considered by the Court. Finally, summary judgment motions filed with the Court that are not in compliance with this order may result in the undersigned denying the motion outright.

*Daubert* **motions** shall be filed on or before the dispositive motions deadline, unless the deadline is modified by the Court upon motion of a party demonstrating good cause.

**SECTION 3.** On or before **June 18, 2021**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **five days** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.  Information about mediation is attached to this order.

**SECTION 7.** All discovery shall be completed on or before **June 4, 2021**, except that, as to any witnesses whose names are not revealed until the last day allowed under Section 8 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 9**. **GENERAL PROVISIONS**:

(A) All briefs on any matter before the Court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order: (i) must be in writing; (ii) **must indicate that movant has, in a timely manner, previously contacted counsel for all other parties**; and (iii) based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the Court to enter shall be submitted to the court in both: (1) an Adobe Acrobat PDF format attachment to the motion; and (2) by transmitting an electronic copy of the proposed order (including discovery and pretrial

orders) to the Court as an attachment in an email message sent to propord_doyle@almd.uscourts.gov. For purposes of (C)(2), the electronic copy shall be in Microsoft Word format—not PDF format.

SECTION 10. No later than **forty-two days** before trial, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified. Objections to any witness identified must be filed no later than **twenty-eight days** before the trial date and shall set out the grounds and legal authority. The offering party shall file a written response to objections no later than **twenty-one** days before the trial date.

SECTION 11. No later than **forty-two days** before trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **one week** thereafter identify any responsive parts of depositions expected to be used, and a party shall within **three days** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed on or before **twenty-eight days** prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply. The offering party shall file a written response to any objections no later than **twenty-one days** before the trial date.

SECTION 12. No later than **forty-two days** prior to trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed **twenty-eight** days prior to the trial date, and shall set forth the grounds and legal authorities. The offering party shall file a written

response to the objections no later than **twenty-one days** prior to trial and shall include a pre-marked copy of the evidence at issue. All trial exhibits must be pre-marked prior to trial.

SECTION 13: *If a jury trial*: The parties shall file any requested *voir dire* questions, motions *in limine* fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before twenty-one days prior to trial unless said time is shortened by the Court on motion of either party. Parties opposing any proposed *voir dire* questions, proposed jury instructions, or motions *in limine* are required to file a response brief together with citations of law on or before **fourteen days** prior to trial. Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their *voir dire* questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

SECTION 14. The parties are hereby DIRECTED to schedule an appointment with the Automation staff, (334) 954-3600 on or before **twenty-eight days** prior to trial, for automation training, if they intend to use the courtroom's technological equipment during the upcoming trial. Counsel wishing to use his or her own laptop during trial is required to bring all necessary cables to ensure a connection.

SECTION 15. In cases involving jury trials, the term "Trial Date" as used in the foregoing deadlines shall mean the date set for jury selection.

SECTION 16. The Court also adopts and incorporates the discovery limitations listed in the parties' Rule 26(f) Report (Doc. 13) to the extent they do not conflict with any portion of this order. If any party has an objection to these deadlines, the party should inform the Court within **fourteen days** from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order is modified by subsequent Order of the Court, the provisions set out above are binding on the parties.

DONE this 6th day of April, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

4