IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE CANTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-332-SMD |
| ) | |
| CITY OF MONTGOMERY, and ) | |
| ERNEST N. FINLEY, JR., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff Stephanie Canty ("Canty") filed a complaint against Defendants City of Montgomery and Ernest N. Finley, Jr. (collectively, "Defendants") on May 18, 2020. *Compl.* (Doc. 1). On July 9, 2021, Defendants filed a Motion for Summary Judgment. *Defs.' Mot.* (Doc. 31). After Canty did not file an opposition to the Motion, the Court entered an Order (Doc. 33) directing Canty, on or before September 28, 2021, to file a response to the Motion if she intended to oppose it. *Order* (Doc. 33). Canty did not file a response. Then, on October 18, 2021, the undersigned entered an order directing Canty to show cause, if any there be, why Canty's case should not be dismissed for failure to prosecute. *Order* (Doc. 34). Canty's response was due October 25, 2021. *Id.* To date, she has not filed a response to either of the Court's orders, nor has she otherwise opposed Defendants' Motion for Summary Judgment.

**I.     APPLICABLE LAW**

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to

prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Despite the plain language of Rule 41(b) indicating that a defendant may move for dismissal, a district court may *sua sponte* dismiss a complaint under the authority of either (1) Rule 41(b) or (2) the court's inherent power to manage its docket." *Fequiere v. Ala. State Univ.*, 558 F. App'x 881, 882 (11th Cir. 2014) (citing *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)). A district court may dismiss a case for failure to prosecute only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). "Dismissal for disregard of a court order is generally not an abuse of discretion." *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 876 (11th Cir. 2014).

**II.   DISCUSSION**

Upon consideration of the proceedings in this matter, the Court finds that (1) Canty has engaged in a clear pattern of delay or willful contempt, and (2) dismissal with prejudice is the least severe sanction that will remedy Canty's inaction in the present case. As such, Canty's case will be dismissed for failure to prosecute and abide by orders of the Court.

   **1. Canty has engaged in a clear pattern of delay or willful contempt.**

Canty, who is represented by counsel, has not responded to the Court's Order requiring her to oppose Defendants' Motion for Summary Judgment. Nor has she filed a response to the Court's Order directing her to show cause why her case should not be dismissed for failure to prosecute. Approximately five months have passed since

Defendants moved for summary judgment, yet Canty has done nothing to prosecute her case. Canty's inaction indicates to the Court that she has abandoned her cause of action and that she does not oppose the dismissal of her claims.[1] Because Canty has failed to follow the directives and orders of this Court or to otherwise defend against dismissal of her claims, the Court finds that she has demonstrated a clear pattern of delay or willful contempt.

      **2. A sanction lesser than dismissal will not suffice.**

The Court finds that a sanction lesser than dismissal with prejudice will not suffice in this instance. The Court has provided Canty with ample opportunity to continue to prosecute this action, and she has simply failed to do so. Indeed, her failure to oppose Defendants' Motion for Summary Judgment has left the matter in limbo for more than five months. The parties have engaged in discovery and, as a result, Defendants have undoubtedly incurred expenses. Allowing Canty's case to be dismissed without prejudice, then, would potentially prejudice Defendants should Canty attempt to refile her claims. As such, the Court concludes that dismissal with prejudice is the appropriate sanction to address Canty's inaction at this stage in the litigation.

**III. CONCLUSION**

Because the Court finds that (1) Plaintiff has engaged in a clear pattern of delay or willful contempt, and (2) a sanction lesser than dismissal with prejudice will not suffice, it

---

[1] On October 26, 2021, the Court entered an Order (Doc. 35) cancelling the final pretrial conference. Then, on November 18, 2021, the Court entered an Order (Doc. 36) cancelling trial. Canty has not communicated with the Court after these Orders were entered. Canty's silence is an additional indication that she is no longer pursuing her claims before this Court.

is

ORDERED that Canty's complaint is DISMISSED with PREJUDICE for failure to prosecute and abide by Court orders. It is further

ORDERED that Defendants' Motion for Summary Judgment (Doc. 31) is DENIED as MOOT. A separate judgment shall issue.

DONE this 9th day of December, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE